```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-80889-CIV-HURLEY
                                     (06-80156-CR-HURLEY)
                              MAGISTRATE JUDGE P.A. WHITE

ANTONIO RIVERA,               :

        Movant,               :     REPORT RE DISMISSAL
                                    FOR FAILURE TO OBTAIN
v.                            :     AUTHORIZATION PURSUANT TO
                                    28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

The pro-se movant, Antonio Rivera, filed a petition for writ of Audita Querela, pursuant to 28 U.S.C. §1651.[1] The movant is seeking a review of the scoring of his prior convictions used to determine his criminal history points in case no. 06-80156-cr-Hurley. Rivera was convicted of violation of the RICO statute, following the entry of a guilty plea. This petition is in legal effect a successive motion to vacate pursuant to 28 U.S.C. §2255. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears

---

[1]The invocation of multiple writs is unavailing to this petitioner/movant. 28 U.S.C. §1651, the All Writs Act, does not allow filing a successive §2255 motion to vacate without first obtaining permission from the Eleventh Circuit Court of Appeals. U.S. v Torres, 282 F.3d 1241, 1245-1246 (10th Cir. 2002). That applies to writs of Audita Querela as well, See: Townsend v US, 38 F.Supp 2d 424 (D.MD.1999), US v Reyes, 945 F.2d 862 (CA 1991).

that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

* * *

(b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
   (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
   (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
   (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

* * *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant filed a prior motion to vacate attacking his conviction in case no. 06-80156-cr-Hurley. The petition, assigned case no. 08-80622-civ-Hurley was denied on January 13, 2009. No appeal was taken.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 18th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Antonio Rivera, Pro Se
    Reg. No. 72651-004
    USP-Atwater
    Atwater, CA
    Address of record